# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## 1:06 cr 165-20

| | |
|---|---|
| UNITED STATES OF AMERICA )  | |
| ) | |
| Vs. ) | |
| ) | ORDER |
| ) | |
| JED STUART WORKMAN. ) | |
| ) | |

**THIS MATTER** came before the undersigned pursuant to an oral motion presented by Renae Alt-Summers, Defendant's attorney, stating that Defendant had requested she be allowed permission to withdraw as counsel for Defendant and another attorney be appointed in her stead. At the call of this matter on for hearing it appeared that the Defendant was present with his attorney, Ms. Alt-Summers and the Government was present and represented through Assistant United States Attorney, Tom Ascik. From the statements of Ms. Alt-Summers, the statements of Defendant, and the arguments of Mr. Ascik, the Court makes the following findings.

**Findings.** At the call of this matter, the undersigned brought to the attention of the parties the fact that in hearing the oral motion, there might be disclosed confidential communications between Defendant and Ms. Alt-Summers. Ms. Alt-Summers confirmed that was a distinct possibility and as a result, the undersigned sealed the proceeding in this matter and excluded all other persons from the

1

courtroom other than the Defendant, Ms. Alt-Summers, and court personnel.

The oral motion is presented at an extremely early stage in these proceedings, that being immediately prior to the call of this matter for a preliminary hearing pursuant to Rule 32.1B of the Federal Rules of Criminal Procedure, and for a potential detention hearing.

The undersigned made an inquiry as to the reasons why Defendant did not wish for Ms. Alt-Summers to represent him further and that inquiry shall appear of record in the sealed proceeding.

**Discussion.** An indigent Defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause.  US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986).  The determination of whether or not a motion for substitution of counsel should be granted is within the discretion of the trial court and the Court is entitled to take into account the countervailing state interest in proceeding on schedule.  Morris v. Slappy, 461 U.S. 1 (1983).  In considering the oral motion, the undersigned has considered the following factors: (1) timeliness of the motion; (2) made an inquiry as to the reasons why Defendant does not wish for Ms. Alt-Summers to represent him further; and (3) has attempted to whether or not there is such a conflict between the Defendant and Ms. Alt-Summers that is so great it has resulted in a total lack of communication preventing

an adequate defense. United States v. Gallop, 838 F.2d 105 (4th Cir. 1988).

The undersigned considers that this motion comes at an extremely early stage in the proceedings in that it occurred immediately before a preliminary hearing and detention hearing. This factor must be weighed in favor of granting the motion.

The undersigned made an inquiry as to the reasons for the conflict between the Defendant and Ms. Alt-Summers. That inquiry shall appear in the records of the sealed proceeding. The conflict that exists is on behalf of Defendant and is not the fault of Ms. Alt-Summers in any degree.

The undersigned has further examined this matter to determine whether or not there is such a conflict between Ms. Alt-Summers and the Defendant that there is a total lack of communication between them preventing an adequate defense. The undersigned has determined that such a conflict does exist and it exists only in the mind of Defendant. Ms. Alt-Summers has performed admirably on behalf of Defendant.

After considering all of the above factors, it appears that the motion comes at an early time and that as a result of the inquiry made by the undersigned, it appears there is a lack of communication between Ms. Alt-Summers and Defendant that would prevent an adequate defense, that being the communication of Defendant with Ms. Alt-Summers.

Based upon the foregoing, the undersigned has determined to enter an order allowing the motion to withdraw.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the oral motion of Renae Alt-Summers to withdraw as counsel for the Defendant is **ALLOWED.** It is also **ORDERED** that the Federal Defender's of North Carolina shall appoint substitute counsel to represent the Defendant in this matter.

Signed: August 27, 2015

_____
Dennis L. Howell
United States Magistrate Judge